UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MARTIN, JR., | ) | CIVIL ACTION NO. 4:19-CV-1274 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ENVISION IMAGING, *et al.,* | ) | |
| Defendants | ) | |

MEMORANDUM OPINION

I.     BACKGROUND AND PROCEDURAL HISTORY

On July 23, 2019, Plaintiff James Martin, Jr. ("Plaintiff"), a federal prisoner proceeding *pro se*, initiated this action, concerning medical treatment he received as a federal prisoner. (Doc. 1). Defendant Kristen Ethridge filed a Motion to Dismiss (Doc. 13) on August 28, 2019. Defendant Envision Imaging filed a Motion to Dismiss (Doc. 19) on October 10, 2019. On January 10, 2020, I issued an Order granting Defendants' Motions to Dismiss. (Doc. 34). I also ordered Plaintiff to file an amended complaint on or before February 10, 2020. *Id.*

To date, Plaintiff has not filed an amended complaint. IT IS HEREBY ORDERED THAT Plaintiff's Complaint be DISMISSED pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting

*Briscoe v. Klaus*, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe*, 538 F.3d at 263 (quoting *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992)). Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (internal citations and quotations omitted). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson,* 296 F.3d 184; *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007).

III.    ANALYSIS

In this case, a dispassionate assessment of the *Poulis* factors weighs in favor of dismissal.

Consideration of the first *Poulis* factor, the extent of Plaintiff's personal responsibility, shows that it is Plaintiff's responsibility to litigate this case by filing

an amended complaint. Furthermore, Plaintiff has failed to abide by a court order advising him that if he wished to continue this lawsuit he needed to file an amended complaint. Plaintiff's failure to file an amended complaint makes further proceedings impossible.

The second *Poulis* factor, the prejudice to the adversary caused by Plaintiff's failure to prosecute, weighs in favor of dismissal in this case. His actions have created an unnecessary stalemate in this matter. Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor, the history of dilatoriness on plaintiff's part, cuts in favor of dismissal. Plaintiff has failed to participate in this litigation after filing his Complaint. Plaintiff failed to file a brief in opposition to either of Defendants' Motions to Dismiss, even after a court order directed him to do so. Further, Plaintiff failed to file an amended complaint, even after I directed him to do so. Plaintiff has a considerable history of dilatoriness. Plaintiff's apparent abandonment of his claim weighs in favor of dismissal.

The fourth *Poulis* factor, whether Plaintiff's conduct was willful or in bad faith, is neutral. In this setting the Court must assess whether Plaintiff's failure to file an amended complaint reflects mere inadvertence or willful conduct, in that it

involved "strategic," "intentional or self-serving behavior," and not mere negligence. *Adams v. Trs. of N.J. Brewery Emps. Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir.1994). Although Plaintiff did not file his amended complaint, nothing in the limited record of these proceedings suggests that he acted willfully or in bad faith.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of lesser sanctions, cases construing *Poulis* agree that in a situation such as this case, where the Court is confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe*, 538 F.3d at 262-63; *Emerson*, 296 F.3d at 191. This case presents such a situation where Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders counseling Plaintiff on his obligations in this case, the Court has endeavored to use lesser sanctions. As such, the undersigned finds that the fifth factor weighs in favor of dismissal in this case.

Finally, under *Poulis*, the Court is cautioned to consider one other factor, the meritoriousness of Plaintiff's claims or defenses. Consideration of this factor also weighs in favor of dismissal. As I explained in my January 10, 2020 Order (Doc. 34), Plaintiff's claims lack jurisdiction in this Court.

As to whether Plaintiff established jurisdiction for his claims, I concluded:

Plaintiff names two defendants: Envision Imaging and Kristen Ethridge. (Doc. 1, p. 2). Defendant Kristen Ethridge works as a technician for Envision Imaging – located in Fort Worth, Texas. *Id.* Defendant Ethridge is a citizen of Texas. *Id.* at 3. Plaintiff does not allege that Defendant Ethridge is domiciled in Pennsylvania. Defendant Envision Imaging is incorporated in Texas and has its principal place of Page 10 of 16 business in Texas. *Id.* at 4. Plaintiff does not allege that Defendant Envision Imaging is incorporated in or has its principal place of business in Pennsylvania. Plaintiff's Complaint fails to establish general jurisdiction in Pennsylvania over Defendant Envision Imaging or Defendant Ethridge.

. . . .

Plaintiff's claims against both Defendants arise out of the same operative facts. In short, Plaintiff alleges that his CT scan results were not reviewed properly, resulting in a misdiagnosis that Plaintiff had a fat stranding in the medial aspect of his right buttock. The CT scan was conducted in Texas. The CT scan results were reviewed in Texas. Specifically, Plaintiff's alleged injuries occurred at Envision Imaging, 815 Pennsylvania Avenue, Fort Worth, Texas, 76104. (Doc. 1, p. 2). Plaintiff does not allege that any of the relevant facts occurred in Pennsylvania. Plaintiff does not assert that the gauze was inserted into his right buttock while he was in Pennsylvania nor does he assert that the CT scan referenced in his Complaint occurred in Pennsylvania. Plaintiff has not alleged that Defendants purposely availed themselves to the laws of Pennsylvania.

(Doc. 34, pp. 9-12).

Further, I concluded that Plaintiff had not established that Defendants had minimum contacts with Pennsylvania. *Id.* at p. 14.

Accordingly, the sixth *Poulis* factor weighs in favor of dismissal because Plaintiff's Complaint, as pleaded, lacks merit and jurisdiction.

Page 6 of 7

In summary, a dispassionate assessment of the *Poulis* factors suggests that dismissal is appropriate in this case. Plaintiff has the obligation to file an amended complaint, and this case cannot move forward without it. Most importantly, the only complaint of record, Plaintiff's Original Complaint, has no arguable merit. Thus, Plaintiff's Complaint warrants dismissal.

IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED THAT:

(1)    Plaintiff's Complaint be DISMISSED without further leave to amend pursuant to Rule 41 of the Federal Rules of Civil Procedure; and

(2)    An appropriate Order will follow.

Date: March 11, 2020                         BY THE COURT

                                             *s/William I. Arbuckle*
                                             William I. Arbuckle
                                             U.S. Magistrate Judge